UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10864 PA (MARx) | Date | May 13, 2026 |
|---|---|---|---|
| Title | Quickmed Diagnostic Inc v. Centene Management Company LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**        ORDER TO SHOW CAUSE

The Court has reviewed the Complaint filed by plaintiff Quickmed Diagnostic Inc. ("Plaintiff") against defendants Centene Management Company LLC, Health Net of California, Inc., Health Net Life Insurance Company, and Health Net LLC (collectively the "Named Defendants").

According to the Complaint, Plaintiff is a diagnostic laboratory that provided millions of COVID tests for individuals nationwide, and many of those individuals were covered by insurance plans that were responsible for paying for those tests. The plans at issue in this case include plans governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., and Medicare Advantage plans regulated under the Medicare Act, 42 U.S.C. §§ 1395 et seq. The Complaint alleges that each Named Defendant acted an insurer, claim administrator, and/or fiduciary for the ERISA plans at issue in this case. (See id. ¶¶ 11–18.) The Complaint also alleges on information and belief that one or more Named Defendant acted as a claims administrator and/or delegated entity for the Medicare Advantage plans at issue in this case. (See id. ¶ 20.)

Plaintiff alleges that it submitted claims for reimbursement after performing services for members of the various plans at issue in this case but that the Named Defendants and/or other Doe Defendants unlawfully underpaid or denied payment for those claims. (See id. ¶¶ 50–60.) The Complaint alleges claims against the Named Defendants and up to 300 Doe Defendants, who are identified as either claims administrators and/or fiduciaries for the various insurance plans at issue in this case, or agents and employees of the Named Defendants and other individuals or entities who are "legally responsible in some manner for the events and happenings referred to an proximately caused the injuries suffered by [Plaintiff]." (See id. ¶¶ 19–22.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10864 PA (MARx) | Date | May 13, 2026 |
|---|---|---|---|
| Title | Quickmed Diagnostic Inc v. Centene Management Company LLC, et al. | | |

As an initial matter, the Complaint fails to comply with Local Rule 19-1, which provides that "[n]o complaint or petition shall be filed that includes more than ten (10) Doe or fictitiously named parties."

Moreover, with respect to the Named Defendants, it is unclear from the face of the Complaint whether these Defendants are properly joined in this action. Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides that "persons . . . may be joined in one action as defendants" if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added); see also League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Here, the Complaint alleges claims against four different Named Defendants based on their alleged roles issuing and/or administering insurance plans. The Complaint does not attempt to quantify the total number of plans at issue in this case, nor does it identify any of the specific insurance plans at issue. There are no allegations that the Named Defendants were co-insurers on any of those plans or that the policies that Defendants allegedly issued and/or administered contained the same language or terms and conditions. At most, the Complaint alleges on information and belief that defendants Health Net of California, Inc., Health Net Life Insurance Company, and Health Net LLC are each wholly-owned or controlled subsidiaries or affiliates of defendant Centene Management Company LLC ("Centene"). (Compl. ¶ 15). However, the Complaint does not allege facts demonstrating that Centene exercised control over the other Named Defendants with respect to the insurance plans at issue or that the Named Defendants acted in concert. Thus, it is not clear from the face of the Complaint that Plaintiff's claims for relief against the Named Defendants arise out of the same series of transactions or occurrences and that there are common questions of fact, as necessary to satisfy the requirements of Rule 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10864 PA (MARx) | Date | May 13, 2026 |
|---|---|---|---|
| Title | Quickmed Diagnostic Inc v. Centene Management Company LLC, et al. | | |

Accordingly, the Court orders Plaintiff to show cause in writing (i) why Does 11-300 should not be stricken from the Complaint pursuant to Local Rule 19-1; and (ii) why one or more Defendants should not be dropped from this case for improper joinder.  See L.R. 19-1; Fed. R. Civ. P. 20, 21; Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light").

Plaintiff shall filed its response to this Order to Show Cause, limited to seven (7) pages in length, by no later than **May 27, 2026**.[1]  Named Defendants may filed a responsive brief, limited to five (5) pages in length, by no later than **June 3, 2026**.  The Order to Show Cause will stand submitted after June 3, 2026.  Plaintiff is warned that failure to respond to this Order may result in the imposition of sanctions, including but not limited to dropping one or more Named Defendants from this action.

IT IS SO ORDERED.

---

[1]     In response to this Order to Show Cause, Plaintiffs may, if it so chooses, file separate actions against one or more other Named Defendants with new complaints and filing fees.