## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10864 PA (MARx) | Date | May 13, 2026 |
|---|---|---|---|
| Title | Quickmed Diagnostic Inc. v. Centene Management Company LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       **IN CHAMBERS – ORDER TO SHOW CAUSE**

The Court is in receipt of the Motion to Dismiss Plaintiff's Complaint ("Motion"), filed by defendants Centene Management Company LLC, Health Net of California, Inc., Health Net Life Insurance Company, and Health Net LLC (collectively "Defendants"). (Docket No. 24, Amended Motion to Dismiss.). The Motion has been fully briefed. (Docket Nos. 31, 32.)

This case concerns a dispute over payment obligations for laboratory services provided by plaintiff Quickmed Diagnostic Inc. ("Plaintiff") during the COVID-19 public health emergency. According to the Complaint, Plaintiff operated a diagnostic laboratory that provided laboratory services, including rapid diagnostic testing, to healthcare providers, health technology companies, and employers in the State of California. (See Compl. ¶¶ 1, 9.) Defendants allegedly acted as insurers, claims administrators, and/or fiduciaries for numerous employer-sponsored plans governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., and Medicare Advantage plans regulated under the Medicare Act, 42 U.S.C. §§ 1395 et seq. (See id. ¶¶ 11–20.) During the public health emergency, Plaintiff performed COVID-19 testing and services in California for members of those plans insured by or administered by Defendants, executed an assignment of benefits for every patient receiving Plaintiff's services, and then submitted claims to Defendants for payment for covered services rendered. (See id. ¶¶ 34–35, 51, 65.) Plaintiff alleges that as an out-of-network provider, it was owed its posted cash prices for the services rendered, but that Defendants engaged in a pattern or practice of underpaying or refusing to pay Plaintiff's claims, in violation of state and federal law. (See id. ¶¶ 50, 52–60.)

Based on the foregoing allegations, the Complaint alleges thee federal claims for: (i) benefits owed pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B); (ii) breach of fiduciary duty pursuant to ERISA, 29 U.S.C. § 1132(a)(1) and § 1109; and (iii) violation of the Families First Coronavirus Response Act (FFCRA) and the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). The Complaint also alleges eleven state law claims for: violation of the California Unfair Competition Law, Cal. Bus. and Prof. Code §§ 17200 et seq.; money had and received; open book account; account stated; promissory estoppel; unjust enrichment; breach of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10864 PA (MARx) | Date | May 13, 2026 |
|---|---|---|---|
| Title | Quickmed Diagnostic Inc. v. Centene Management Company LLC, et al. | | |

implied-in-law contract; breach of implied-in-fact contract; quantum meruit; violation of California Health and Safety Code § 1342.2 and California Insurance Code § 10110.7; and declaratory relief pursuant to Cal. Code of Civ. P. § 1060.

In their Motion, Defendants note that prior to filing this action, Plaintiff filed a "companion" case against Defendants in the San Diego Superior Court. See Quickmed Diagnostics, Inc. v. Centene Mgmt. Co., et al., San Diego County Superior Court Case No. 25CU045809C (filed Aug. 29, 2025) (the "State Court Action"). Like in this action, the State Court Action concerns Defendants' alleged wrongful denial or underpayment of insurance claims for Plaintiff's COVID-19 testing and services during the public health emergency, and all eleven state law claims alleged in the instant action are also alleged in the State Court Action complaint. While Plaintiff's Complaint in this case focuses on insurance claims submitted under ERISA and Medical Advantage plans, the State Court Action complaint does not appear to exclude such plans from Plaintiff's claims for relief.[1]

Thus, it appears that this action may be subject to the Colorado River doctrine, pursuant to which a federal court may abstain from a case out of deference to parallel litigation brought in state court. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). A court should consider several factors in deciding whether to abstain: "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." R.R. Street & Co. v. Transp. Ins. Co., 656 F.3d 966, 978-79 (9th Cir. 2011) (citing Holder v. Holder, 305 F.3d 854, 870 (9th Cir. 2002)). "'These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist.'" Coal. for Clean Air v. VWR Int'l, LLC, 922 F. Supp. 2d 1089, 1110 (E.D. Cal. 2013) (quoting Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1257 (9th Cir.1988)). The threshold question in determining whether abstention is appropriate under Colorado River is whether the federal and state court actions are "substantially similar"; "exact parallelism" is not required. Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989) (citations omitted).

---

[1]    The Court takes judicial notice of the State Court Action complaint. See Fed. R. Evid. 201(b); Reyn's Pasta Bella, LLC v. Vista USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10864 PA (MARx) | Date | May 13, 2026 |
|---|---|---|---|
| Title | Quickmed Diagnostic Inc. v. Centene Management Company LLC, et al. | | |

Accordingly, the Court hereby orders the parties to show cause in writing why this action should not be stayed pending resolution of the State Court Action.  Each party shall file a response, limited to seven (7) pages in length, on or before **May 27, 2026**.  Failure to respond to this order may result in the imposition of sanctions.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that Defendants' Motion ia appropriate for decision without oral argument.  The Court vacates the hearing calendared for May 18, 2026, and deems the matter under submission.  The parties Stipulation to Continue Hearing on Motion to Dismiss (Docket No. 34) is denied as moot.  The Court will notify the parties of the Court's resolution of the Motion, or the date of a hearing, should the Court determine that a hearing would assist the Court.

IT IS SO ORDERED.