HERNANDEZ LASKA LLP
JOSEPH E. LASKA (Bar No. 221055)
Email: jlaska@hernandezlaska.com
NATHANIEL A. COHEN (Bar No. 289142)
Email: ncohen@hernandezlaska.com
3415 S. Sepulveda Blvd., Suite 1100
Los Angeles, CA 90034
Telephone: (310) 742-5817

Attorneys for Defendants
CENTENE MANAGEMENT COMPANY LLC,
HEALTH NET OF CALIFORNIA INC.,
HEALTH NET LIFE INSURANCE COMPANY,
and HEALTH NET LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUICKMED DIAGNOSTIC, INC., a California Corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>CENTENE MANAGEMENT COMPANY LLC, HEALTH NET OF CALIFORNIA INC., HEALTH NET LIFE INSURANCE COMPANY, HEALTH NET LLC, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 2:25-cv-10864-PA (MARx)<br><br>Hon. Percy Anderson<br><br>**THE PARTIES' JOINT RULE 26(f) REPORT**<br><br>Courtroom:    9A<br>Date:         August 17, 2026<br>Time:         10:30 a.m.<br><br>Action Filed:  November 12, 2025<br>Trial date:    None Set |

10474333.2

1

Under Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's July 14, 2026 Order (ECF No. 43), defendants Centene Management Company LLC ("Centene Management), Health Net of California, Inc. ("HNCI"), Health Net Life Insurance Company ("HNLIC"), and Health Net LLC (HNLLC") (together, "Defendants"), and plaintiff Quickmed Diagnostic, Inc. ("Quickmed" or "Plaintiff"), submit the following Joint Rule 26(f) Report.

The parties held a conference on July 27, 2026.

## I.   BRIEF SYNOPSIS OF THE CASE

Plaintiff alleges Defendants are liable for allegedly denying or underpaying claims for COVID-19 testing and certain related services. Plaintiff operated a COVID-19 diagnostic testing laboratory during the federal COVID-19 public health emergency. At the time of filing, the claims at issue in this case were claims Plaintiff submitted to one or more Defendants relating to services performed for persons enrolled in coverage governed by the Employee Retirement Income Security Act of 1974 ("ERISA") or the Medicare Act.

The complaint asserted 14 Counts against Defendants. Defendants filed a motion to dismiss, which the Court granted in part. The Court dismissed Plaintiff's Counts Two through Fourteen without leave to amend.

The remaining Count One is an ERISA statutory claim under 29 U.S.C. Section 1132(a)(1)(B) seeking recovery of ERISA plan benefits.

Defendants dispute that any defendant is liable to Plaintiff in any amount.[1]

---

[1] There is a case pending in California state court that implicates similar issues but does not implicate the same reimbursement claims: *Quickmed Diagnostics, Inc. v. Centene Mgmt. Co., et al.*, San Diego County Superior Court Case No. 25CU045809C (filed Aug. 29, 2025) (the "State Court Action"). The State Court Action relates to COVID-19 testing and related reimbursement claims Plaintiff allegedly submitted to Defendants under types of health coverage *not* governed by ERISA or the Medicare Act.

10474333.2

1

PARTIES' JOINT RULE 26(F) REPORT

## II.   BASIS FOR SUBJECT MATTER JURISDICTION

The parties agree this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331. Count One arises under the laws of the United States.

## III.   COMPLEX CASE STATUS

No party presently believes that the Manual For Complex Litigation or any modification of it will be necessary in this case.

## IV.   DISCOVERY PLAN

### 1.   Initial disclosures

The parties have agreed to exchange initial disclosures under Rule 26(a)(1) by September 4, 2026. However, the scope of those disclosures may depend on the Court's views of the parties' discovery plan.

### 2.   Discovery scope

#### a.   Defendants' statement

Count One is an ERISA action for recovery of plan benefits under 29 U.S.C. Section 1132(a)(1)(B). Such claims are typically tried before the Court based on an administrative record. Here, Plaintiff's Count One seeks to combine many ERISA plan benefit claims into a single count. Even so, the same discovery limitations apply. Plaintiff's Count One should be tried on an administrative record.

Further, Defendants have individualized defenses to the many ERISA plan benefit claims Plaintiff pleads as Count One. For example, Defendants intend to argue at least the following defenses based on the individual language of the ERISA plans implicated: (1) whether the plan contractually prohibits the type of assignment that Plaintiff alleges it has from each plan member, (2) whether the plan confers on an administrator the power to interpret plan terms and determine eligibility for benefits, leading to an abuse of discretion standard of review under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), and (3) whether

10474333.2

2

PARTIES' JOINT RULE 26(F) REPORT

Plaintiff exhausted prelitigation administrative exhaustion requirements contractually established in the plan or otherwise imposed by operation of law.

It is Defendants' understanding that the parties will work to exchange claims lists identifying those claims the parties believe to be at issue in the case. Once this data comparison step is complete, the parties will be in the best position to determine how the case should proceed with these individualized defenses in mind. One option under consideration is a reasonable statistical sampling of claims.

**b.    Plaintiff's statement**

Plaintiff agrees that exchanging claims lists is a threshold issue to determining how discovery should proceed, including the identification of an appropriate statistical sampling framework. Plaintiff does not agree with Defendants' characterization of the case, including the scope of permissible discovery, and does not concede Defendants' asserted defenses. Until the parties have completed data comparison, it is premature to determine the volume or attributes of claims that would need to be included in order to achieve a statistically valid sample.

**3.    Phased Discovery**

**a.    Defendants' statement**

Defendants believe a phased discovery approach is appropriate.

First, ERISA does not permit health care providers like Plaintiff to pursue claims under 29 U.S.C. Section 1132(a)(1)(B) directly: health care providers must do so, if at all, based on a valid assignment of benefits from the member or patient. Here, Plaintiff pursues Count One on an assignment theory. In Defendants' view, the Court should treat discovery into the assignments as preliminary jurisdictional discovery because, without them, Plaintiff cannot stand in the shoes of the ERISA plan members.

Second, it is Defendants' understanding that the parties will work to exchange data with the goal of arriving at a definitive list of reimbursement claims

10474333.2

3

PARTIES' JOINT RULE 26(F) REPORT

that the parties jointly agree to be at issue in the case. Once this data comparison step is complete, the parties will be in the best position to determine how the case should proceed with these individualized defenses in mind. One option under consideration is a reasonable statistical sampling of claims.

Defendants believe these steps should be completed before further discovery.

### b.    Plaintiff's statement

Plaintiff agrees that the parties should exchange claims lists as soon as practicable and that such exchange is a threshold question to determining how to proceed with the rest of discovery. Plaintiff does not agree with Defendants' characterization of the case, the significance of the defenses identified above, or the sequencing of discovery and believes those issues will be better addressed after the parties complete the claims-comparison process. Plaintiff is willing to provide early information regarding assignments, but does not believe that such discovery must be completed before discovery into other topics.

### 4.    Subjects on which discovery may be needed

Data in Plaintiff's possession relating to the claims at issue.

Data in Defendants' possession relating to the claims at issue.

Assignments, authorizations, or other documents relevant to Plaintiff's standing or ability to pursue the claims at issue.

The terms of the relevant ERISA plans (or a sampling of them).

The materials Plaintiff submitted to Defendants in connection with the claims at issue (or a sampling of them).

Materials relevant to Defendants' actions on the claims at issue (or a sampling of them).

### 5.    Discovery of electronically stored information

The parties agree to produce all documents electronically and to discuss and seek agreement on protocols with respect to identification, review, and production of electronically stored information. Electronically stored information will be

10474333.2

4

produced in PDF format, or where appropriate, native document format. The parties agree to reasonably accommodate one another's requests for production of certain documents in native format to facilitate use by each party and their experts. The parties will meet and confer regarding the scope and logistics of document production. The parties agree that this paragraph is not intended to alter the scope of discovery in this case.

### 6. Claims of privilege

The parties intend to file a stipulated protective order governing confidential materials that will also address the inadvertent production of privileged or otherwise protected materials.

### 7. Rule 26(c) order

The parties agree that certain documents may require protection under Rule 26(c) due to their confidential nature and intend to jointly file a proposed stipulated protective order governing confidential materials.

### 8. Proposed discovery-related deadlines

The parties propose the following discovery-related deadlines:

• Fact discovery deadline: August 6, 2027.

• Last day to disclose experts under Rule 26(a)(2) with respect to any issue for which the disclosing party bears the burden at trial: August 23, 2027.

• Disclosure of rebuttal experts: September 20, 2027.

• Expert discovery deadline: October 22, 2027.

## V.    PROPOSED DEADLINES

The parties jointly propose the following case deadlines:

• Fact discovery deadline: August 6, 2027.

• Expert discovery deadline: October 22, 2027.

• Dispositive motion filing deadline: December 3, 2027.

• Final pre-trial conference: March 23, 2028.

• Trial: to be set by the Court.

10474333.2

5

## VI.    ANTICIPATED DISPOSITIVE MOTIONS

Defendants (or, possibly, certain defendants) anticipate filing a motion for summary judgment or partial summary judgment.

## VII.    ISSUES THAT MAY BE DETERMINED BY MOTION

The Courts' July 14, 2026 Order requires that the parties include a statement as to issues which any party believes may be determined by motion.

Defendants presently believe the following issues may be determined by motion:

- Plaintiff's statutory standing under ERISA to proceed against Defendants on an assignment theory as to some or all the ERISA benefit claims at issue.
- Whether certain ERISA plan documents require a claimant to exhaust certain administrative remedies before filing an action in district court.
- Whether certain ERISA plan documents contractually preclude Plaintiff's alleged assignment as to a particular member or claim.
- Whether Plaintiff's ERISA benefit claims are time-barred in whole or in part.
- Whether one or more named defendants should be dismissed.

Plaintiff presently believes the following issues may also be determined by motion:

- Plaintiff may file a motion for leave to amend its complaint if it discovers additional information supporting its claims that were dismissed without prejudice.

## VIII.    ADDITIONAL PARTIES

The parties do not currently anticipate the appearance of any additional parties. Plaintiff reserves the right to seek leave to amend its pleading, including to substitute Doe defendants or add parties identified through discovery or further investigation.

10474333.2

6

## IX.   PROCEDURAL OR EVIDENTIARY ISSUES

Defendants contend that Plaintiff must first demonstrate that it holds a valid assignment for each plan member on whose behalf it seeks to recover under Claim One, that certain plan members failed to exhaust mandatory administrative remedies before filing suit, and that certain plan members were or are enrolled in plans that prohibit assignments of plan benefits.

The parties are not currently aware of any other procedural or evidentiary problems.

## X.   SETTLEMENT

The parties agree to participate in private mediation on a mutually agreeable date. The parties have had preliminary discussions regarding mediation.

## XI.   NUMBER OF COURT DAYS REQUIRED FOR TRIAL

The parties anticipate a total of five to eight court days will be required for trial of this entire action.

## XII.   JURY TRIAL

The parties agree that trial will be a bench trial, not a jury trial.

## XIII.   CONSENT TO MAGISTRATE JUDGE

The parties do not consent to a Magistrate Judge to preside over this action for all purposes.

Dated: August 3, 2026          HERNANDEZ LASKA, LLP


By: /s/ Nathaniel A. Cohen
          Joseph E. Laska
          Nathaniel A. Cohen
          Attorneys for Defendants
          CENTENE MANAGEMENT
          COMPANY LLC, HEALTH NET OF
          CALIFORNIA INC., HEALTH NET
          LIFE INSURANCE COMPANY, and
          HEALTH NET LLC

10474333.2                              7

PARTIES' JOINT RULE 26(F) REPORT

Dated: August 3, 2026                    HOOPER, LUNDY & BOOKMAN, P.C.


By: /s/ Paul L. Garcia
       Joseph R. LaMagna
       Paul L. Garcia
       Heather M. Romero
       Julia Caldwell
       Attorneys for Plaintiff
       QUICKMED DIAGNOSTIC, INC.


## ATTESTATION UNDER LOCAL RULE 5-4.3.4(A)(2)(I)

Under Local Rule 5-4.3.4(a)(2)(i), I, Nathaniel A. Cohen, attest that all other attorney signatories listed approving as to form and content, and on whose behalf this document is submitted, concur in the filing's content and have authorized the filing.

Dated: August 3, 2026                    HERNANDEZ LASKA, LLP


By: /s/ Nathaniel A. Cohen
       Joseph E. Laska
       Nathaniel A. Cohen
       Attorneys for Defendants
       CENTENE MANAGEMENT
       COMPANY LLC, HEALTH NET OF
       CALIFORNIA INC., HEALTH NET
       LIFE INSURANCE COMPANY,
       HEALTH NET LLC

**CERTIFICATE OF SERVICE**

I certify that on August 3, 2026, a copy of **THE PARTIES' JOINT RULE 26(f) REPORT** was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. The parties may access this filing through the court's CM/ECF system.

/s/ Nathaniel A. Cohen
Nathaniel A. Cohen

10474333.2

9