AMENDED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10864 PA (MARx) | | Date | August 7, 2026 |
|---|---|---|---|---|
| Title | Quickmed Diagnostic Inc v. Centene Management Company LLC, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Daniel Torrez | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS — COURT ORDER AND ORDER TO SHOW CAUSE

The Court has received the parties' joint 26(f) report and finds that a scheduling conference is not necessary. Dates set by the Court in this action are listed in the "Schedule of Trial and Pretrial Dates" attached to this order. The dates set by the Court are firm dates. Absent extraordinary circumstances, which must satisfy the requirements of Federal Rule of Civil Procedure 16(b) and be brought to the Court's attention in a timely manner, the Court will not modify these dates. The scheduling conference currently on calendar for August 17, 2026 at 10:30 a.m. is hereby vacated, and the matter taken off calendar.

Absent an agreed-upon statement of facts, the Court will not hear motions for summary judgment in ERISA benefit recovery actions, but will hear motions to determine the scope of the administrative record. See Kearney v. Standard Insurance Co., 175 F.3d 1084, 1094–95 & n.4 (9th Cir. 1999). Thus, in addition to the dates listed in the Schedule of Trial and Pretrial dates, the Court orders the Parties to file the administrative record by no later than January 18, 2027. Any motion to augment the administrative record shall be filed in compliance with Local Rule 6-1, with a hearing date no later than March 1, 2027.

On June 25, 2026, the Court issued an Order addressing, among other matters, whether one or more defendants should be dropped from this action pursuant to Federal Rules of Civil Procedure 20 and 21. In discharging its prior Order to Show Cause, the Court concluded that, at the pleading stage, Plaintiff had plausibly alleged a sufficient connection among the named defendants to satisfy Rule 20(a)(2). The Court also struck Does 11-300 pursuant to Local Rule 19-1.

In reaching that conclusion, the Court considered Plaintiff's representation that, as an out-of-network provider, it lacked access to information identifying the particular ERISA plans, plan sponsors, and entities responsible for the challenged reimbursement determinations, and that such information resided within Defendants' possession. Plaintiff further represented that

---

CV-90 (06/04)                    **CIVIL MINUTES - GENERAL**                    Page 1 of 2

**AMENDED**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10864 PA (MARx) | Date | August 7, 2026 |
|---|---|---|---|
| Title | Quickmed Diagnostic Inc v. Centene Management Company LLC, et al. | | |

discovery would permit the parties and the Court to determine whether the claims should ultimately proceed together or separately.

More than one month has elapsed since the Court issued its June 25, 2026 Order. The Court concludes that it is appropriate to determine the extent to which discovery has clarified the identity of the entities responsible for the reimbursement determinations at issue.

Accordingly, IT IS HEREBY ORDERED that by December 7, 2026, plaintiff is ordered to show cause in writing whether the remaining defendants and claims satisfy the requirements for joinder under Federal Rules of Civil Procedure 20 and 21, including whether any parties shall be dropped or any claims severed pursuant to Rule 21. See Court's May 13, 2026 Order to Show Cause; Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

The Court notes that the parties estimate that trial will consume between five and eight trial days. It is the Court's practice to impose limits on the length of civil trials. Based on the Court's current understanding of this action, the parties are highly unlikely to have as much time to try this case as they appear to anticipate.

The Court has entered a Protective Order in this action. A copy of the Protective Order will be served on the parties. The Protective Order may be modified or supplemented by the parties. However, given the trial and pretrial dates set by the Court, disputes concerning the Protective Order should not delay the parties' prosecution of this action.

Pursuant to the agreement of the parties, this matter has been referred to private mediation. The parties have fourteen (14) days to select a mediator who has no conflicts and is otherwise available to act as the settlement officer in this matter. If the parties are unable to agree on a mediator, each side shall submit to the Court the name of a mediator who agrees to act as the settlement officer. The Court will then randomly select the settlement officer.

IT IS SO ORDERED.

Schedule of Trial and Pretrial Dates

| CASE NO.: | CV    25-10864 |
| --- | --- |

**PARTIES:**

**Quickmed Diagnostic, Inc.**

-v-

**Centene Management Company LLC, et al.**

**COMPLAINT FILED:**    **11/12/25**

| TRIAL TYPE: | Court |
| --- | --- |

SETTLEMENT CHOICE:
Court/Magistrate
Court's Mediation Panel
Private Dispute Resolution            X
Judicial Settlement Panel

| DATE | MATTER |
| --- | --- |
| 06/22/27 | Court Trial at 9:00 a.m. |
| 06/17/27 | File Final Trial Exhibit Stipulation |
| 06/14/27 | Hearing on Motions in Limine at 1:30 p.m.<br>File Response to Findings of Fact & Conclusions of Law |
| 05/21/27 | Final Pretrial Conference at 1:30 p.m.<br>Motions in Limine to be Filed |
| 05/07/27 | Lodge Pretrial Conference Order & Pretrial Exhibit Stipulation<br>File Contentions of Fact & Law<br>Exhibit & Witness Lists<br>File Joint Status Report Regarding Settlement |
| 04/26/27 | Last Date to Conduct Settlement Conference |
| 04/19/27 | Last Day for Hearing Motions |
| 04/12/27 | Discovery Cut-off |
| 11/09/26 | Last Day for Hearing on Motion to Amend Pleadings or Add Parties |